UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                  :
                                                        :    Chapter 11
MAIN STREET CONNECT LLC                                 :
d/b/a Daily Voice,                                      :    Case No.: 13-22729 (RDD)
                                                        :
                            Debtor.                     :
------------------------------------------------------------x

## LOCAL RULE 1007-2 AFFIDAVIT

STATE OF NEW YORK       )
                                    ss.:
COUNTY OF NEW YORK   )

Carll Tucker, being duly sworn deposes and states:

1.      I am the Chief Executive Officer of Main Street Connect, LLC d/b/a Daily Voice

(the "Debtor"), and submit this affidavit pursuant to Rule 1007-2 of the local rules of this Court

(the "Local Rules").

2.      The Debtor intends to file a voluntary Chapter 11 petition with the Clerk of this

Court on or about May 6, 2013.  There is no other or prior bankruptcy case filed by or against the

Debtor.  There has not been a committee of unsecured creditors organized prior to the order for

relief in the Debtor's Chapter 11 case.

3.      A copy of the Debtor's board resolution authorizing the Chapter 11 filing is

attached to the petition and incorporated by reference herein.  Unless otherwise indicated, all

financial information contained herein is presented on an estimated and unaudited basis.

### Nature of Debtor's Business

4.      The Debtor is a privately held limited liability company organized under the laws

of the State of Delaware.  I founded the Debtor in 2010 at which time the Debtor operated under

the name "Main Street Connect."  In 2012, as a result of a re-branding effort, the Debtor began

operating as the "Daily Voice."  The Debtor is engaged in operating an online hyper-local

{Client/006712/BANK768/00624214.DOC;1 }

newspaper company which provides local news coverage through various websites to communities in Westchester County, NY and Fairfield County, Connecticut. The Debtor owns and operates 41 online local news websites where it publishes local editorial content produced by staff reporters and editors. The Debtor also displays ads of local and regional businesses. The Debtor raised a total of $18 million in equity financing from various investors. Currently, the Debtor does not generate a profit from operations and has recently been funding its operations by borrowing funds on a secured basis from its primary equity interest holders. The Debtor currently employs approximately 44 employees on a full time basis, which includes journalists, management, and sales people. As of January 1, 2013, the Debtor had approximately 100 full time employees. In March 2013, the Debtor's CEO and Chief Technology officer both resigned and the Debtor let go approximately 45 employees.

### The FLSA Litigation

5.    In or about June 2012, various former reporters employed by the Debtor commenced an action in the United States District Court for the District of Connecticut under the Fair Labor Standards Act and similar state wage and hour laws asserting that the Debtor had misclassified the reporters as "exempt" employees (the "FLSA Litigation"). The Debtor believes that the claims asserted in the FLSA Litigation have no merit. The Debtor has vigorously defended the FLSA Litigation, resulting in the incurrence of approximately five hundred thousand dollars in legal fees. The FLSA Litigation is far from being finally determined as discovery is not yet complete. Recently, the Debtor and the plaintiffs agreed to participate in mediation to attempt to resolve the FLSA Litigation. Unfortunately, the mediation was unsuccessful and the plaintiffs have just recently filed a motion to amend the complaint in the FLSA Litigation seeking to add me and my wife as defendants. My wife is not involved in the Debtor's day to day operations, but is a member of the Debtor's board.

6.      The FLSA Litigation has severely hampered the Debtors ability to raise additional equity financing as investors are unwilling to invest new funds into the Debtors business until the FLSA Litigation is resolved.  In fact, the Debtor as of late has had to borrow funds on a secured basis in order to meet its ordinary operating expenses.  The Debtor does not have the financial wherewithal to continue to defend the FLSA Litigation due to the mounting legal fees and the Debtor's inability to pay them, its counsel has recently filed a motion to be relieved.  The Debtor's business is steadily improving as the Debtor's management refines the business model.  The Debtor has been able to increase its revenues with fewer full time employees.  The Debtor believes that it has tremendous potential to build a national platform for online hyper-local newspapers.  However, the overhang from the FSLA Litigation is severely hampering the Debtor's ability to move forward and implement its strategic goals.  The Debtor intends to either promptly proceed with a Section 363 sale to a party submitting the highest and best bid or file a plan of reorganization which would deal with all creditors' claims, including the plaintiffs' claims in the FLSA Litigation.

### Assets and Liabilities

7.      Pursuant to Local Rule 1007-2(a)(4), annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors excluding insiders.

8.      Pursuant to Local Rule 1007-2(a)(5), annexed hereto as **Exhibit "2"** is a list containing the names of the holders of the Debtor's five (5) largest secured claims.

9.      Pursuant to Local Rule 1007-2(a)(6), annexed hereto as **Exhibit "3"** is a summary of the Debtor's assets and liabilities.  This is an internally generated estimate of assets and liabilities and may require certain adjustments.

10.     Pursuant to Local Rule 1007-2(a)(11), annexed hereto as **Exhibit "4"** is a list of lawsuits pending against the Debtor.

11.     The Debtor does not have any publicly held shares, debentures, or other securities.

12.     There is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledge, assignee of rents, liquidators, secured creditors, or agents of such person.

13.     The Debtor's assets consist primarily of its intellectual property, including its numerous websites, dedicated reporter staff, and devoted advertisers.  The Debtor also has accounts receivable due from various advertisers.  The Debtor's books and records are located at 200 Business Park Drive, Suite 209, Armonk, New York 10504 as well as 53 Water Street, Norwalk, Connecticut.

14.     The Debtor's senior management consists of myself, John Falcone, and Karin Annus Karner.  I am the CEO and John Falcone is the President.  Ms. Karner is the Debtor's Chief Content Officer.  My bi-weekly salary is approximately $1,200.00, Mr. Falcone's bi-weekly salary is approximately $3,333.00, and Ms. Karner's bi-weekly salary is approximately $3,333.00.

15.     Aside from myself and Mr. Falcone, the Debtor has approximately forty-two (42) full time employees.  The Debtor's bi-weekly payroll is approximately $82,000.00.

16.     The Debtor is a tenant under two (2) non-residential real property leases.  The Debtor leases its main office located at 200 Business Park Drive, Suite 209, Armonk, New York 10504.  The monthly rent is $3,400.00 per month.  The Debtor also leases office space at 53 Water Street, 2nd Floor, Norwalk, CT 06854.  The rent in Connecticut is $3,500.00 per month.

17.     The Debtor expects to generate gross revenues of approximately $125,000.00 for the thirty (30) day period following the Chapter 11 filing. During this thirty-day period the Debtor expects to generate an operating loss of approximately $185,000.00.

18.     The Debtor intends to continue in the operation of its business and either seek to sell all of its assets pursuant to Section 363 of the Bankruptcy Code free and clear of all liens, claims, and encumbrances including any claims asserted by the plaintiffs in the FLSA Litigation or propose a plan of reorganization which treats all creditors in a fair and equitable manner consistent with the provisions of the Bankruptcy Code.

/s/ Carll Tucker
Carll Tucker
Chief Executive Officer

Sworn to before me this
2nd day of May, 2013

 /s/ Lisa Claudio
        Notary Public

        Lisa A. Claudio
        Notary Public, State of New York
        No. 01CL6075799
        Qualified in New York County
        Commission Expires June 10, 2014

{Client/006712/BANK768/00624214.DOC;1 }                    5